No. **CR - 08   00144 JW**


FILED
MAR - 6 2008


~~SEALED BY ORDER OF COURT~~

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

---

### THE UNITED STATES OF AMERICA
### *vs.*
### RAMON SCRUGGS, ALLAN DANTO and
### HEIDI MACPHERSON a/k/a Heidi Lyn Pfeiffer

---

## INDICTMENT

| | |
|---|---|
| **COUNT ONE**: | 18 U.S.C. § 371 - Conspiracy To Commit Offenses Against the United States |
| **COUNTS TWO-FIVE**: | 21 U.S.C. § 841(a)(1) - Distribution of Anabolic Steroids |
| **COUNTS SIX-NINE**: | 21 U.S.C. §§ 331(k) and 333(b) - Doing Of Any Act Which Causes A Drug To Be Misbranded While Held For Sale With Intent To Defraud And Mislead |
| **COUNT TEN**: | 18 U.S.C. § 1956(h) - Conspiracy To Commit Money Laundering |
| **COUNT ELEVEN**: | 18 U.S.C. § 1956(a)(2)(A) - Money Laundering |




DOCUMENT NO. / CSA's INITIALS
DISTRICT COURT CRIMINAL CASE PROCESSING

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

FILED

MAR - 6 2008

SEALED BY ORDER OF COURT



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | CR-08 00144 JW |
|---|---|---|
| Plaintiff, | ) | VIOLATIONS: 18 U.S.C. § 371–Conspiracy To Commit Offenses Against the United States; 21 U.S.C. § 841(a)(1)–Distribution Of Anabolic Steroids; 21 U.S.C. §§ 331(k) and 333(b)–Doing Of Any Act Which Causes A Drug To Be Misbranded While Held For Sale With Intent To Defraud And Mislead; 18 U.S.C. § 1956(h) – Conspiracy To Launder Monetary Instruments; 18 U.S.C. § 1956(a)(2)(A)--Money Laundering; 18 U.S.C. § 2--Aiding & Abetting. |
| v. | ) | |
| RAMON SCRUGGS, ALLAN DANTO, and HEIDI MACPHERSON, a/k/a Heidi Lyn Pfeiffer, | ) | |
| Defendants. | ) | |

SAN JOSE VENUE

INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. The New Hope Health Center was a medical facility located in Costa Mesa, California, whose primary business was the dispensation of anabolic steroids, human growth hormone, and other performance-enhancing drugs.

2. Defendant Ramon Scruggs ("Scruggs") was a physician who operated his medical

INDICTMENT

practice at New Hope Health Center. Under the name of New Hope Health Center, Scruggs and others conspired to distribute anabolic steroids, human growth hormone, and various other prescription drugs to professional baseball players, law enforcement personnel, and other individuals, in a manner outside the usual course of professional practice, and not for a legitimate purpose, but for non-legitimate purposes, including performance enhancement, aesthetic body improvement, and other non-medical reasons.

3. The non-legitimate prescriptions written by Scruggs at times were forwarded to pharmacies inside and outside the state of California, including Signature Pharmacy, in Orlando, Florida, and the drugs were subsequently delivered from the pharmacies to Scruggs's clients throughout the United States. At other times the drugs, including syringes that were pre-loaded with anabolic steroids, were sent directly from the New Hope Health Center to Scruggs's clients.

4. Defendant Allan Danto ("Danto") was a consultant at New Hope Health Center. In his role as consultant, Danto aided Scruggs in the distribution of human growth hormone for non-legitimate purposes, and assisted Scruggs in the smuggling of human growth hormone into the United States from the People's Republic of China ("PRC").

5. Defendant Heidi MacPherson, a/k/a Heidi Lyn Pfeiffer, ("MacPherson") was an office manager at New Hope Health Center. MacPherson aided Scruggs in the distribution of human growth hormone for non-legitimate purposes, and assisted Scruggs in the smuggling of human growth hormone into the United States from the PRC.

6. Under the Federal Food, Drug, and Cosmetic Act (FDCA), drugs were defined as, among other things, articles intended for use in the cure, mitigation, treatment or prevention of disease in man (21 U.S.C. §321(g)(1)(B)); articles (other than food) intended to affect the structure or function of the body of man (21 U.S.C. §321(g)(1)(C)); or articles intended for use as components other drugs (21 U.S.C. § 321(g)(1)(D)). A drug intended for use in man which, because of its toxicity, or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, was not safe for use except under the supervision of a practitioner licensed by law to administer such drug; or a drug which was limited by an approved application under 21 U.S.C. § 355 to use under the professional supervision of a practitioner

INDICTMENT                                      2

*A true bill.*

_____
                              *Foreperson*

*Filed in open court this* 5th *day of* March

A.D. 200 8

_____
                **United States Magistrate Judge**

*Bail.* $ No process

1  licensed by law to administer such drug, could only be dispensed by a practitioner licensed by law
2  pursuant to a lawful prescription. 21 U.S.C. § 353(b)(1). These drugs were commonly known as
3  "prescription drugs."
4      7. A drug was misbranded if, among other things, the drug was a prescription drug
5  dispensed without a lawful prescription (21 U.S.C. § 353(b)(1)).
6      8. The term "human growth hormone" meant somatrem, somatropin, or an analogue of
7  either somatrem or somatropin. 21 U.S.C. § 333(e)(4). Somatropin was a synthetic or naturally
8  occurring growth hormone from the human pituitary gland. Somatrem was an analog of
9  somatropin containing an additional (methionyl) amino-acid residue.
10     9. The term "'anabolic steroid'" meant any drug or hormonal substance, chemically and
11 pharmacologically related to testosterone (other than estrogens, progestins, and corticosteroids)
12 that promoted muscle growth, and included testosterone and nandrolone and their analogues. 21
13 U.S.C. § 802(41)(A).
14 The Grand Jury charges:
15 COUNT ONE:   (18 U.S.C. § 371) (Conspiracy To Commit Offenses Against The United States)
16     10. Paragraphs One Through Nine are hereby realleged and incorporated by reference
17 as if set forth in full herein.
18 CONSPIRACY TO COMMIT OFFENSES AGAINST THE UNITED STATES
19     11. On or about and between September 1, 2000, and May 14, 2003, in the Northern
20 District of California, and elsewhere, the defendants,

        RAMON SCRUGGS,
        ALLAN DANTO, and
        HEIDI MACPHERSON,
        a/k/a Heidi Lyn Pfeiffer,

23 and others, known and unknown to the grand jury, did intentionally conspire to commit offenses
24 against the United States, that is the defendants conspired to:
25     i. distribute anabolic steroids, a Schedule III controlled substance, in violation of
26     21 U.S.C. § 841(a)(1);
27     ii. smuggle human growth hormone into the United States, with the intent to
28     defraud and in a manner contrary to law, in violation of 18 U.S.C. § 545;

INDICTMENT        3

iii. misbrand a drug while it was held for sale, after its shipment in interstate commerce, with the intent to defraud and mislead in violation of Title 21, United States Code, Sections 331(k), and 333(b).

## MANNER AND MEANS OF THE CONSPIRACY

12. It was part of the conspiracy that defendants Scruggs, Danto, and MacPherson distributed to professional baseball players, law enforcement officers, and others anabolic steroids, specifically nandrolone, testosterone, stanozolol, human growth hormone, and other performance-enhancing drugs without a valid prescription based on a medically adequate examination.

13. It was further a part of the conspiracy that, on occasion, sports representation agents for professional baseball players referred their client-players to defendants Scruggs, Danto, and MacPherson for the purpose of obtaining anabolic steroids and other drugs which those individuals knew to be banned by Major League Baseball and therefore unavailable to the players through lawful medical channels absent the illegal prescriptions provided by Scruggs.

14. It was further a part of the conspiracy that defendants Scruggs, Danto and MacPherson communicated, by email and other means, with suppliers of human growth hormone in the PRC to negotiate the price, appearance, quantity, and shipping method of human growth hormone that the suppliers would ship to customers at the direction of defendants Scruggs, Danto, and MacPherson.

15. It was further a part of the conspiracy that defendant Scruggs issued prescriptions that were sent by defendants Scruggs and MacPherson to suppliers in the PRC for shipment of the human growth hormone to customers.

16. It was further a part of the conspiracy that the prescriptions issued by defendant Scruggs for human growth hormone were invalid prescriptions, in that they were not based upon any legitimate medical diagnosis of need for human growth hormone, and often occurred without Scruggs having conducted any medical examination of the customers.

17. It was further part of the conspiracy that defendant Danto conducted international wire transfers to pay for the human growth hormone smuggled from the PRC into the United

INDICTMENT                                         4

States.

18. It was further part of the conspiracy that the PRC-based suppliers of the human growth hormone communicated the International Express Airmail tracking numbers to defendants Scruggs and MacPherson so that they could track receipt of the shipments containing the human growth hormone.

19. It was further part of the conspiracy that in the event the FDA discovered and refused to admit shipments of the PRC-manufactured human growth hormone into the United States, defendants Scruggs and MacPherson negotiated new and replacement shipments of human growth hormone, and defendant Danto conducted the wire transfer to pay the PRC-based suppliers of the human growth hormone for new and replacement shipments.

## ACTS UNDERTAKEN IN FURTHERANCE OF THE CONSPIRACY

20. It was part of the conspiracy that the defendants Scruggs, Danto, and MacPherson would and did commit the following overt acts in the Northern District of California, and elsewhere:

    a. On or about January 13, 2003, defendants Scruggs, Danto, and MacPherson attempted to smuggle seven parcels containing human growth hormone sent from the PRC into the United States through the San Francisco Air Mail Facility in San Francisco, California.

    b. On or about January 15, 2003, defendants Scruggs, Danto, and MacPherson attempted to smuggle a parcel containing human growth hormone sent from the PRC into the United States through the San Francisco Air Mail Facility in San Francisco, California.

    c. On or about January 21, 2003, defendants Scruggs, Danto, and MacPherson attempted to smuggle a parcel containing human growth hormone sent from the PRC into the United States through the San Francisco Air Mail Facility in San Francisco, California.

    d. On or about March 11, 2003, defendant Danto transferred $3,605.07 from Bank of America account 02020-01935, located in San Francisco, California, to Zhan Li, Bank of China account number 0018001402000032506, located in the PRC.

    e. On or about March 17, 2003, defendant Scruggs distributed the anabolic steroid

testosterone to a person in Napa County.

      f. On or about April 23, 2003, defendant Scruggs distributed the anabolic steroid testosterone to a person in Santa Clara County.

      g. On or about May 7, 2003, defendant Scruggs, distributed the anabolic steroid testosterone to a person in Napa County.

      h. On or about May 17, 2003, defendant Scruggs distributed the anabolic steroid testosterone to a person in Santa Clara County.

      All in violation of Title 18, United States Code, Section 371.

COUNT TWO: (21 U.S.C. § 841(a)((1)–Distribution Of Anabolic Steroids)

    21. On or about March 17, 2003, in Napa County, in the Northern District of California, and elsewhere, the defendant

RAMON SCRUGGS

did knowingly and intentionally distribute a Schedule III controlled substance, to wit: the anabolic steroid testosterone, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE: (21 U.S.C. § 841(a)(1)--Distribution Of Anabolic Steroids)

    22. On or about April 23, 2003, in Santa Clara County, in the Northern District of California, and elsewhere, the defendant

RAMON SCRUGGS

did knowingly and intentionally distribute a Schedule III controlled substance, to wit: the anabolic steroid testosterone, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FOUR: (21 U.S.C. § 841(a)(1)--Distribution Of Anabolic Steroids)

    23. On or about May 7, 2003, in Napa County, in the Northern District of California, and elsewhere, the defendant

RAMON SCRUGGS

did knowingly and intentionally distribute a Schedule III controlled substance, to wit: the anabolic steroid testosterone, outside the scope of professional practice and not for a legitimate medical

purpose, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FIVE: (21 U.S.C. § 841(a)(1)–Distribution Of Anabolic Steroids)

24. On or about May 14, 2003, in Santa Clara County, in the Northern District of California, and elsewhere, the defendant

RAMON SCRUGGS

did knowingly and intentionally distribute a Schedule III controlled substance, to wit: the anabolic steroid testosterone, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT SIX: (21 U.S.C. §§ 331(k) and 333(b)–Doing Of Any Act Which Causes A Drug To Be Misbranded While Held For Sale With Intent To Defraud And Mislead)

25. On or about March 17, 2003, in Napa County, in the Northern District of California, and elsewhere, the defendant

RAMON SCRUGGS

did, with the intent to defraud and mislead, dispense the prescription drug and Schedule III controlled substance, to wit: the anabolic steroid testosterone, without a valid prescription based on a medically adequate examination, an act which, pursuant to 21 U.S.C. § 353(b)(1), resulted in that drug being misbranded while held for sale after shipment in interstate commerce;

All in violation of Title 21, United States Code, Sections 331(k) and 333(b).

COUNT SEVEN: (21 U.S.C. §§ 331(k) and 333(b)–Doing Of Any Act Which Causes A Drug To Be Misbranded While Held For Sale With Intent To Defraud And Mislead)

26. On or about April 23, 2003, in Santa Clara County, in the Northern District of California, and elsewhere, the defendant

RAMON SCRUGGS

did, with the intent to defraud and mislead, dispense the prescription drug and Schedule III controlled substance, to wit: the anabolic steroid testosterone, without a valid prescription based on a medically adequate examination, an act which, pursuant to 21 U.S.C. § 353(b)(1), resulted in that drug being misbranded while held for sale after shipment in interstate commerce;

All in violation of Title 21, United States Code, Sections 331(k) and 333(b).

COUNT EIGHT: (21 U.S.C. §§ 331(k) and 333(b)–Doing Of Any Act Which Causes A Drug To Be Misbranded While Held For Sale With Intent To Defraud And Mislead)

27. On or about May 7, 2003, in Napa County, in the Northern District of California, and elsewhere, the defendant

RAMON SCRUGGS

did, with the intent to defraud and mislead, dispense the prescription drug and Schedule III controlled substance, to wit: the anabolic steroid testosterone, without a valid prescription based on a medically adequate examination, an act which, pursuant to 21 U.S.C. § 353(b)(1), resulted in that drug being misbranded while held for sale after shipment in interstate commerce;

All in violation of Title 21, United States Code, Sections 331(k) and 333(b).

COUNT NINE: (21 U.S.C. §§ 331(k) and 333(b)–Doing Of Any Act Which Causes A Drug To Be Misbranded While Held For Sale With Intent To Defraud And Mislead)

28. On or about May 14, 2003, in Santa Clara County, in the Northern District of California, and elsewhere, the defendant

RAMON SCRUGGS

did, with the intent to defraud and mislead, dispense the prescription drug and Schedule III controlled substance, to wit: the anabolic steroid testosterone, without a valid prescription based on a medically adequate examination, an act which, pursuant to 21 U.S.C. § 353(b)(1), resulted in that drug being misbranded while held for sale after shipment in interstate commerce;

All in violation of Title 21, United States Code, Sections 331(k) and 333(b).

COUNT TEN: (18 U.S.C. § 1956(h))–Conspiracy To Commit Money Laundering)

29. The factual allegations contained in paragraphs One through Nine and Counts One and Six through Nine of this Indictment are realleged and incorporated herein.

30. From on or about August 15, 2002, through on or about March 11, 2003, both dates being approximate and inclusive, in the Northern District of California, the defendants

RAMON SCRUGGS,
ALLAN DANTO, and
HEIDI MACPHERSON
a/k/a Heidi Lyn Pfeiffer,

INDICTMENT                                   8

and others, known and unknown to the grand jury, did knowingly conspire to transfer funds affecting foreign commerce from a place in the United States, that is, San Francisco, California, to a place outside the United States, that is, the PRC, with the intent to promote the carrying on of specific unlawful activity, that is, the smuggling of human growth hormone into the United States from the PRC, in violation of Title 18, United States Code, Section 545.

All in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(2)(A).

COUNT ELEVEN: (18 U.S.C. § 1956(a)(2)(A)–Money Laundering)

31. The factual allegations contained in paragraphs One through Nine and Counts One and Six through Nine of this Indictment are realleged and incorporated herein.

32. On or about March 11, 2003, in the Northern District of California, and elsewhere, the defendants,

> RAMON SCRUGGS,
> ALLAN DANTO, and
> HEIDI MACPHERSON,
> a/k/a Heidi Lyn Pfeiffer,

each aiding and abetting the other, did knowingly and willfully transfer funds affecting foreign commerce, that is, a wire transfer of $3,605 from Ramon Scruggs's bank account, Bank of America Account #02020-01935, from a place in the United States, that is, San Francisco, California, to a place outside the United States, that is, the PRC, with the intent to promote the carrying on of specific unlawful activity, that is, the smuggling of human growth hormone into the United States from the PRC, in violation of Title 18, United States Code, Section 545.

All in violation of United States Code, Section 1956(a)(2)(A) and 2.

DATED: 3/5/08

A TRUE BILL.

_____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_____
MATTHEW A. PARRELLA
Chief, San Jose Branch

(Approved as to form: _____)
AUSA NEDROW

INDICTMENT                                                            9

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
SEE ATTACHED SHEET

**DEFENDANT - U.S.**
▶ RAMON SCRUGGS

**DISTRICT COURT NUMBER**
CR-08 00144 JW

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)

SPECIAL AGENT PENNY KORTE, DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   JOSEPH P. RUSSONIELLO

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   JEFFREY D. NEDROW

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

PENALTY SHEET FOR UNITED STATES V. RAMON SCRUGGS

**Count One** – Conspiracy To Commit Offenses Against the United States
18 U.S.C. § 371
(All Defendants)

Maximum Penalty:
Five years imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

**Counts Two through Five** – Distribution of Anabolic Steroids
21 U.S.C. § 841(a)(1)
(Defendant Scruggs only)

Maximum Penalty for each count:
Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Counts Six through Nine** – Misbranded drugs held for sale with intent to defraud and mislead--21 U.S.C. § 331(k) and 333(b)
(Defendant Scruggs only)

Maximum Penalty for each count:
Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

**Count Ten** – Conspiracy To Commit Money Laundering
18 U.S.C. § 1956(h)
(All defendants)

Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

**Count Eleven** – Money Laundering
18 U.S.C. § 1956(a)(2)(A)
(All defendants)

Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

AO 257 (Rev. 6/78)

~~SEALED BY ORDER OF COURT~~

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
    ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---- OFFENSE CHARGED ----
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
SEE ATTACHED SHEET

---- DEFENDANT - U.S. ----
▶ ALLAN DANTO

DISTRICT COURT NUMBER
CR - 08 00144 JW

RS

---- PROCEEDING ----
Name of Complaintant Agency, or Person (&Title, if any)

SPECIAL AGENT PENNY KORTE, DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
JOSEPH P. RUSSONIELLO
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
JEFFREY D. NEDROW

---- DEFENDANT ----

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ _____ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____
Before Judge: _____

Comments:

PENALTY SHEET FOR UNITED STATES V. RAMON SCRUGGS

**Count One** – Conspiracy To Commit Offenses Against the United States
18 U.S.C. § 371
(All Defendants)

Maximum Penalty:
Five years imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

**Counts Two through Five** – Distribution of Anabolic Steroids
21 U.S.C. § 841(a)(1)
(Defendant Scruggs only)

Maximum Penalty for each count:
Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Counts Six through Nine** – Misbranded drugs held for sale with intent to defraud and mislead--21 U.S.C. § 331(k) and 333(b)
(Defendant Scruggs only)

Maximum Penalty for each count:
Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

**Count Ten** – Conspiracy To Commit Money Laundering
18 U.S.C. § 1956(h)
(All defendants)

Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

**Count Eleven** – Money Laundering
18 U.S.C. § 1956(a)(2)(A)
(All defendants)

Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee



AO 257 (Rev. 6/78)

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

--- OFFENSE CHARGED ---

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:

SEE ATTACHED SHEET

--- DEFENDANT - U.S. ---

▶ HEIDI MACPHERSON a/k/a Heidi Lyn Pfeiffer

DISTRICT COURT NUMBER

**CR-08 00144W** RS

--- PROCEEDING ---

Name of Complaintant Agency, or Person (&Title, if any)

SPECIAL AGENT PENNY KORTE, DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   **JOSEPH P. RUSSONIELLO**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   JEFFREY D. NEDROW

--- DEFENDANT ---

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:

Before Judge:

Comments:

[Stamp: SEALED BY ORDER OF COURT]
[Stamp: FILED MAR -6 2008, CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]

PENALTY SHEET FOR UNITED STATES V. RAMON SCRUGGS

**Count One** – Conspiracy To Commit Offenses Against the United States
18 U.S.C. § 371
(All Defendants)

Maximum Penalty:
Five years imprisonment
$250,000 fine
Maximum Three Years Supervised Release
$100 special assessment fee

**Counts Two through Five** – Distribution of Anabolic Steroids
21 U.S.C. § 841(a)(1)
(Defendant Scruggs only)

Maximum Penalty for each count:
Five Years Imprisonment
$250,000 fine
Maximum Two Years Supervised Release
$100 special assessment fee

**Counts Six through Nine** – Misbranded drugs held for sale with intent to defraud and mislead--21 U.S.C. § 331(k) and 333(b)
(Defendant Scruggs only)

Maximum Penalty for each count:
Maximum Three Years Imprisonment
$250,000 fine
Maximum One Year Supervised Release
$100 special assessment fee

**Count Ten** – Conspiracy To Commit Money Laundering
18 U.S.C. § 1956(h)
(All defendants)

Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

**Count Eleven** – Money Laundering
18 U.S.C. § 1956(a)(2)(A)
(All defendants)

Maximum 20 years imprisonment
$500,000 fine
Maximum Five Years Supervised Release
$100 special assessment fee

