1 | BARRY J. PORTMAN
Federal Public Defender
2 | LARA S. VINNARD
Assistant Federal Public Defender
3 | 160 West Santa Clara Street, Suite 575
San Jose, CA  95113
4 | Telephone:  (408) 291-7753

5 | Counsel for Defendant MACPHERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No.: CR 08-00144-03 JW |
|---|---|---|
| Plaintiff, | ) | **STIPULATION TO CONTINUE HEARING AS TO HEIDI MACPHERSON AND EXCLUDE TIME; [PROPOSED] ORDER** |
| v. | ) | |
| HEIDI MACPHERSON, aka Heidi Pfeiffer, | ) | |
| Defendant. | ) | |

Defendant and the government, through their respective counsel, hereby stipulate that, subject to the Court's approval, the pretrial conference hearing in the above-captioned matter, presently scheduled for Monday, August 31, 2009, at 1:30 p.m., be vacated, and the matter set for change of plea and sentencing on Monday, September 21, 2009, at 1:30 p.m.  The parties have reached agreement in principle to settle the case, and the continuance is requested to allow time for specific terms of a plea agreement to be addressed.  Additionally, defense counsel requires time to review a proposed plea agreement with Ms. Pfeiffer.  The selected date of September 21, 2009 is the first Monday after August 31 on which all parties are available.

///

STIPULATION TO CONTINUE
HEARING DATE; [PROPOSED] ORDER
No. CR 08-00144-03 JW                    1

1     The parties further agree that time should be excluded under the Speedy Trial Act because
2 the ends of justice served by granting the requested continuance outweigh the interest of the
3 public and the defendant in a speedy trial.  The failure to grant the requested continuance would
4 deny defense counsel reasonable time necessary for effective preparation, taking into account the
5 exercise of due diligence, and would result in a miscarriage of justice.  The parties therefore
6 stipulate that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(8)(A) and
7 (B)(iv).

8 Dated: 8/21/09                                                     _____/s/_____
                                                                                LARA S. VINNARD
9                                                                                 Assistant Federal Public Defender

10 Dated: 8/24/09                                                     _____/s/_____
                                                                                JEFF NEDROW
11                                                                                 Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 09-00144-03 JW |
| Plaintiff, | ) ) | [~~PROPOSED~~] ORDER CONTINUING HEARING AND EXCLUDING TIME |
| v. | ) ) | |
| HEIDI MACPHERSON, aka Heidi Pfeiffer, | ) ) ) | |
| Defendant. | ) | |

The parties have jointly requested a continuance of the hearing set for Monday, August 31, 2009, to allow time for the parties to finalize terms of a settlement agreement, and for Ms. Pfeiffer and her counsel to review the plea agreement once prepared. Additionally, time is needed for continuity of counsel.

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that the hearing date presently set for Monday, August 31, 2009, be continued to Monday, September 21, 2009, at 1:30 p.m.

Pursuant to the parties' stipulation, IT IS FURTHER ORDERED that the period of time from August 31, 2009 to September 21, 2009, shall be excluded from the period of time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. The Court

1  finds, based on the aforementioned reasons, that the ends of justice served by granting the
2  requested continuance outweigh the interest of the public and the defendant in a speedy trial.
3  The failure to grant the requested continuance would deny defense counsel reasonable time
4  necessary for effective preparation, taking into account the exercise of due diligence, and would
5  result in a miscarriage of justice.  The Court therefore concludes that this exclusion of time
6  should be made under 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv).
7  The Court further VACATES the previously set trial dates.
8  Dated: August 25, 2009           _____
                                     JAMES WARE
9                                    United States District Judge